CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 7 2009

JOHN F. CORCORAN, CLERK
BY: _____ DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| SHANE COWLEY, | ) | Civil Action No. 7:09-cv-00327 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Shane Cowley, a federal prisoner proceeding pro se, filed a petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated within this district, and

he alleges that the Federal Bureau of Prisons ("BOP") unlawfully lengthened his sentence. This

matter is before the court for preliminary review.[1] After reviewing petitioner's submissions, the

court dismisses the petition.

I.

Petitioner alleges the following facts. A jury in the Southern District of West Virginia

convicted petitioner of four crimes: possession of a stolen firearm, in violation of 18 U.S.C.

§§ 922(j), 924(a)(2) (Count One); aiding and abetting in the attempted possession with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count Two);

aiding and abetting with using and carrying a firearm during and in relation to a drug trafficking

crime, in violation of 18 U.S.C. §§ 2, 924(c) (Count Three); and witness tampering, in violation

of 18 U.S.C. § 1512(b) (Count Four). (Pet. 1.) The district judge sentenced Cowley "to a total

term of 45 years of imprisonment, which consisted of 10 years for possession of a stolen firearm,

---

[1]Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts permits the court to
review a habeas petition to determine whether the petitioner is entitled to any relief, and if not, to dismiss the
petition. See Rule 1(b) of the Rules Governing § 2254 Proceedings in the United States District Courts (stating
district court can rely on the § 2254 Rules for § 2241 petitions).

20 years for the drug trafficking crime, 5 years for the use and carrying of a firearm in relation to a drug trafficking crime, and 10 years for tampering with a witness" (Id. 2.) Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed the district court.

Petitioner subsequently filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, arguing his counsel provided ineffective assistance. (Id.) The United States District Court for the Southern District of West Virginia denied his § 2255 motion, and the Fourth Circuit Court of Appeals affirmed the judgment.

Petitioner argues in the instant § 2241 petition that the BOP "erroneously determined that he must serve a five-year consecutive sentence for his firearm conviction." (Id. 3 ¶ 1.) Relying on United States v. Williams, 558 F.3d 166 (2d Cir. 2009) (direct appeal of sentencing provisions), petitioner believes he should be "exempt from serving the five-year mandatory minimum consecutive sentence for a firearm offense because he[, like the defendant in Williams] was already subject to [a] longer . . . minimum sentence for the predicate drug trafficking offense." (Id. 3-4.) Petitioner concludes that he "is not required to serve a five-year consecutive sentence[,] and the BOP is in error in mandating that he do so." (Id. 5 ¶ 2.)

II.

A § 2241 petitioner may seek judicial review of the execution of his sentence by filing a petition for a writ of habeas in the district court with jurisdiction over the facility in which he is confined and demonstrating that he is confined in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). A petitioner seeking to vacate his conviction or sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the district court where he was convicted and

2

sentenced within one year of the date on which his conviction became final. 28 U.S.C. § 2255(a), (f).

Petitioner is not entitled to relief under § 2241 because he is actually attacking the consecutive sentences imposed by the district court. Petitioner acknowledges receiving a 45 year sentence, and he computed the time by adding the four consecutive sentences together: 10, 20, 5, and 10 years for Counts One through Four, respectively. The court reviewed petitioner's criminal judgment, which clearly imposes, "45 years[ incarceration], consisting of consecutive terms of ten years on Count One, twenty years on Count Two, five years on Count Three[,] and ten years on Count Four, for a total term of 45 years." United States v. Cowley, No. 2:99-cr-00170 (S.D. W.Va. Aug. 17, 2000) (J. (docket #80) 3) (emphasis on firearm charge). Therefore, petitioner is not challenging the execution of his sentence or any BOP policy or discretion; instead, he challenges the length of the consecutive sentences imposed by the United States District Court for the Southern District of West Virginia.

Motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate or ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

3

of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.  Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate.  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner does not satisfy the In re Jones provisions because he may file a second § 2255 after receiving permission from the Fourth Circuit Court of Appeals.  Petitioner also fails to establish a change in either Supreme Court or Fourth Circuit jurisprudence to support his argument.  Therefore, petitioner cannot attack his sentence via § 2241, and the court construes his § 2241 petition as a § 2255 motion to vacate, set aside, or correct sentence.  Although a petitioner must file his § 2241 petition with the federal district court in the district where the petitioner is incarcerated, a petitioner must file his § 2255 motion to correct sentence with the federal court that pronounced the judgment or sentence being challenged.  Accordingly, this court does not have jurisdiction to entertain a motion to correct sentence by petitioner.  Petitioner must file a § 2255 motion to correct sentence with the United States District Court for the Southern District of West Virginia.

Inasmuch as petitioner already filed a § 2255 motion, a district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria.  See § 2255(h).  Petitioner acknowledges that he already filed a § 2255 motion regarding the same conviction.  Thus, any additional § 2255 motions will be a second or subsequent one under § 2255(h).

Petitioner is hereby advised of the procedure for obtaining certification from the Fourth

4

Circuit Court of Appeals to have a district court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Fourth Circuit Court of Appeals with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244. A Fourth Circuit Court of Appeals form and instructions are available from the Fourth Circuit Court of Appeals at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

Petitioner is further advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within sixty days of the date of entry of this Memorandum Opinion and Order or within such extended period as the court may grant pursuant to Rule 4(a)(5).

III.

For the foregoing reasons, the court dismisses petitioner's § 2241 petition, pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), and 28 U.S.C. § 2255, and strikes the case from the active docket of the court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This _27th_ day of August, 2009.

_____
Senior United States District Judge

5